U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUN 2 5 2003
ROBERT H. S------, CLERK
BY _____ DEPUTY

1  **Brian R. Reiss**, CA State Bar #89879
2  Attorney at Law
   3700 Campus Drive, Suite 204
3  Newport Beach, CA 92660
   949-852-0418, 949-852-0493 fax
4
5  Attorney for Plaintiff:
   Raymond Sellek Jr.

CV03 - 1229 S

JUDGE HICKS

MAGISTRATE JUDGE PAYNE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raymond Sellek Jr., <br> Plaintiff, <br><br> vs. <br><br> PROGRESSIVE STAMPING AND PLATING, HARDWARE RESOURCES, L.L.C., and Does 1-10, Inclusively. | Case No. SA02-842AHS(ANx) <br><br> COMPLAINT FOR: <br> (1) COPYRIGHT INFRINGEMENT <br> (2) FRAUD <br> (3) INJUNCTIVE RELIEF <br> (4) PUNITIVE DAMAGES <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Raymond Sellek Jr., dba Precision Woodcrafters, avers as follows:

1. Plaintiff Raymond Sellek Jr., dba Precision Woodcrafters, is a sole proprietorship doing business under the laws of the State of California, with his principal place of business at 1040 B Melrose Ave., Placentia, CA 92870, (hereinafter "Plaintiff").

2. Upon information and belief, Defendant Hardware

ENTER ON ICMS
SEP 10 2002

1  Resources, L.L.C., is a subsidiary of Defendant Progressive
2  Stamping and Plating, Inc., a corporation whose state of
3  incorporation is unknown - Hardware Resources principal
4  place of business is 4319 Marlena Street, Bossier City,
5  Louisiana 71111, and it also has a location in Riverside,
6  California 91761 at 820 South Rockefeller.  Does 1-10 are the
7  agents, employees, or authorized representatives of said
8  Defendants. They are hereinafter referred to collectively as
9  "Defendants".

## JURISDICTION AND VENUE

3.   This action, as hereinafter more fully appears, arises under the Federal Copyright Act (17 U.S.C. 101 et seq.), and is for Federal copyright infringement and fraud. Jurisdiction is based upon 28 U.S.C. 1331 and 1338(a).

4.   Venue is proper under 28 U.S.C. 1391(b) and (c), as, upon information and belief, the claims arose and Defendants do business in this judicial district and Plaintiff has a principal place of business in California.

## BACKGROUND OF THE CONTROVERSY

5.   Since 1970, Plaintiff has been and is currently in the business of manufacturing and marketing a wide variety of architectural woodcarvings.  In connection therewith, Plaintiff has created a variety of original woodcarving designs, and continues to add to its line of original designs.  Plaintiff does business as Precision Woodcrafters,

a sole proprietorship.

6. Due to the substantial amount of resources expended in the creation, advertising, and promotion of Plaintiff's original woodcarvings, Plaintiff has obtained copyright registrations, and is currently applying for copyright registrations, for many of its original wood sculptures and designs.

7. Plaintiff has obtained the following copyright registrations, which are the subject of this lawsuit. True and correct copies of these copyright registrations are attached hereto collectively as Exhibit 1, along with copies of the corresponding submitted specimens:

   A. On February 15, 2001, Plaintiff obtained Copyright Registration No. VA 1-089-226 for a work entitled "Grape Corbel Carved Collection".

   B. On February 15, 2001, Plaintiff obtained Copyright Registration No. VA 1-089-228 for a work entitled "Traditional Corbel Carved Collection".

   C. On February 15, 2001, Plaintiff obtained Copyright Registration No. VA 1-081-411 for a work entitled "Acanthus Leaf Corbel Carved Collection".

   D. The specific corbels were further protected from copyright infringement by having stamped upon them the symbols shown in Exhibit 1 - giving full notice to any purchaser that these designs were and are copyright

protected.

8. The aforementioned copyright registrations were comprised of material wholly original to the author and the works consist of copyrightable subject matter under the laws of the United States. In securing the aforementioned copyright registrations, Plaintiff complied in all respects with the Copyright Act of the United States, 17 U.S.C. 101 et seq. and all other laws governing copyright registrations in the aforementioned works. Since the initial registration dates of the aforementioned copyright registrations, any publications of such works by the Plaintiff, and all copies of the aforementioned works made by the Plaintiff, were under Plaintiff's authority or license and have been created, published and displayed in conformity with the provision of the Copyright Act of the United States, 17 U.S.C. 101 et seq., and all other laws governing copyrights.

9. While subsequent to the dates of registration of the aforementioned copyrights, Defendant has marketed, advertised, and sold woodcarvings which are substantially similar to Plaintiff's copyrighted woodcarvings.

10. Plaintiff, upon becoming aware of Defendant's use of Plaintiff's copyrighted works, began a course of communication with representatives of the Defendant expressing Plaintiff's concerns and placing Defendant on formal notice of Plaintiff's copyright rights. A copy of

this letter faxed to Defendant on 8/2/2002 is attached hereto as Exhibit 2.

11. Defendant, in response to Exhibit 2, faxed back to Plaintiff a response on 8/3/2002, attached hereto as Exhibit 3. This response admits that "we have 9 items very similar to your works" and goes on to say that "we are not trying to produce a fine quality product such as yours, therefore our market is quite different." Defendants refused to acknowledge Plaintiff's copyright rights, and notwithstanding Plaintiff's notice and objections, and with full knowledge thereof, proceeded and continue to manufacture, including foreign manufacture, market, and sell Plaintiff's copyrighted designs.

12. On 8/8/2002, Defendants faxed to Plaintiff Exhibit 4, attached hereto. This communication included a copy of a complaint filed on 8/6/02 in the U.S. District Court for the Western District of Louisiana, Shreveport Division asking for Declaratory Judgment that the wooden corbels in question are not entitled to copyright protection.

13. Said complaint filed by Defendants falsely states that Plaintiff herein has "sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court." In fact, Plaintiff herein has no personal or business contacts with Louisiana, does not do business or have a location there, and

| | |
|---|---|
| 1 | |
| 2 | any sales of its products which might occur in Louisiana are made solely through completely independent vendors. |
| 3 | |
| 4 | 14.  Defendant, has a place of business in Riverside, California; the sale of the corbels by Plaintiff's vendor to Defendant took place in California (see Fraud allegations, *infra*); and Defendant's attempt to pre-empt jurisdiction by its filing in Louisiana is specious and improper. |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | 15.  Upon information and belief, the wood architectural carvings manufactured, marketed, and sold by Defendant infringe upon the Plaintiff's copyrights, all to Plaintiff's irreparable damage and in contravention of the laws of the United States. |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | FRAUD ALLEGATIONS |
| 16 | 16.  Plaintiff, upon information and belief, alleges that Defendant, on or about 11/5/2001, purchased from one of Plaintiff's vendors (Pacific Columns) 9 corbels.  Exhibit 5 indicates that Defendant purchased one of each design, which is unusual in the industry. |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | 17.  Plaintiff alleges that Defendant thereafter caused to be transported said corbels across state lines for the purpose of duplicating said copyrighted works, with the specific intent of violating the copyright laws of the United States. |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## FIRST CLAIM FOR RELIEF

(Federal Copyright Infringement)

18. This cause of action arises under the Federal Copyright Act (17 U.S.C. 101 et seq.), and is for Federal copyright infringement and to remedy said infringement of Plaintiff's original works of art as more fully set forth below.

19. Plaintiff repeats and realleges each and every allegation as set for in Paragraphs 1-18.

20. Upon information and belief, Defendant and/or employees or agents of Defendant, without authorization from Plaintiff, used or induced others to use one or more of Plaintiff's original works of art in the manufacture and sale of architectural woodcarvings. Such usage or inducement to use of artwork which is identical, substantially identical, or derivative or Plaintiff's original works of art is an infringement or Plaintiff's copyright registrations.

21. Upon information and belief, Defendant has, without authorization from Plaintiff, manufactured, advertised, contracted to manufacture in the United States and abroad, received, sold and continues to sell throughout the United States architectural woodcarvings not produced by or for Plaintiff which incorporate one of more of Plaintiff's original works of art, or artworks essentially identical to or derivative of the aforementioned works of art of

Plaintiff. Defendant's woodcarvings, or reproductions in other media, contain designs which are identical to or so substantially similar to Plaintiff's copyrighted works that such unauthorized sales by the Defendant constitute an infringement of the aforementioned copyrights owned by the Plaintiff.

22. Upon information and belief, the aforementioned actions of the Defendant in infringing upon the copyrights owned by Plaintiff have be4en deliberate with the knowledge and against the interest of Plaintiff in such original works of art.

23. Upon information and belief, by the acts of copyright infringement herein complained of, Defendant has made profits in which it is not equitably or legally entitled.

24. By reason of the aforementioned acts of the Defendant, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time.

25. Defendant threatens to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

## SECOND CLAIM FOR RELIEF

(Fraud)

26. Plaintiff incorporates by reference at this point all foregoing Paragraphs of its Complaint.

27. Upon information and belief Plaintiff alleges that all the acts complained of above were committed with the specific intent to violate Plaintiff's copyrights in said original works of art.

28. Plaintiff alleges that Defendant intended to usurp the right of Plaintiff at the time it bought the copyrighted materials from Plaintiff's vendor, and/or at the time it caused to be transported said copyrighted materials to a state other than California and/or when it caused the duplication and manufacture and sale of the copyrighted designs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Issuance of a preliminary injunction and permanent injunction directing Defendant and each of its agents and/or representative, directly and indirectly, to be enjoined and restrained at first during the pendency of this action and thereafter perpetually:

   (A) From committing any further acts of copyright infringement of Plaintiff's copyrighted designs.

    (B)   From causing to be manufactured in this or any other country replicas in any medium of Plaintiff's copyrighted designs, and immediately canceling all contracts calling for such manufacture in this or any other country.

2. That Defendant be required to deliver up to Plaintiff for destruction any and all media, advertisements, brochures, and architectural woodcarvings, or any other products containing designs that infringe Plaintiff's copyrights, and to recall or discontinue all advertisements, including internet websites, or any other medium of advertisement, which contain said copyrighted designs.

3. That Defendant, within thirty (30) days after serving of judgment, with notice of entry upon it, be required to file with this Court an accounting of such profits as Defendant obtained from the sales of Plaintiff's copyrighted designs (if not already ordered by the court) and to serve upon Plaintiff, a written report, under oath, setting forth in detail, the manner in which Defendant has complied with Paragraphs 1 through 2, *supra*.

4. That Plaintiff be awarded damages consistent with the United States Copyright Act, 17 U.S.C. 501 et seq.

5. That Plaintiff be awarded increased damages and attorneys' fees in accordance with the United States Copyright Act, 17 U.S.C. 501 et seq.

6. That the Court award reasonable attorneys' fees to Plaintiff.

7. That the Court award exemplary and/or punitive damages to Plaintiff for each instance of wrongdoing.

8. That Plaintiff have and recover the costs and disbursements of this civil action.

9. That Plaintiff have such other and further relief as the Count may deem just and proper.

Dated: September 9, 2002

_____
Brian R. Reiss

Attorney for Plaintiff
Raymond Sellek Jr.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

## NOTICE OF DOCUMENTS NOT FILED IN RECORD

CIVIL CASE #:   5:03cv1229

RAYMOND SELLEK JR

VS.

PROGRESSIVE STAMPING & PLATING INC et al

ATTACHMENTS TO:

DOCUMENT #:   1

DESCRIPTION:   Complaint

FILED BY:   Plaintiff

FILE DATE:   06/25/03 (09/09/02 in USDC/CDCA)

HAVE BEEN PLACE IN AN ACCORDIAN FOLDER.

Sandra J. Dean
DEPUTY CLERK