U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUN 2 5 2003
ROBERT H. _____ CLERK
BY _____ DEPUTY

CV03-1229-S

OCT 1 5 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

JUDGE HICKS
MAGISTRATE JUDGE PAYNE

ENTER ON ICMS
OCT 1 7 2002

1  Daniel V. Thompson (TX State Bar #19909200)
   THOMPSON & GUSTAVSON, L.L.P.
2  High Point Centre
   12225 Greenville Avenue, Suite 995
3  Dallas, TX 75243
   (972) 479-0900, (972) 479-0215 (facsimile)
4
   James C. McMichael, Jr. (LA Bar #10443)
5  MCMICHAEL, MEDLIN & D'ANNA, L.L.C.
   504 Texas St.
6  P.O. Box 72
   Shreveport, LA 71161-0072
7  (318) 221-1004, (318) 221-0008 (facsimile)

8  Robert D. Buyan (CA Bar #138270)
   STOUT, UXA, BUYAN & MULLINS, L.L.P.
9  4 Venture, Suite 300
   Irvine, CA 92618-3320
10 (949) 450-1750, (949) 450-1764 (facsimile)

11
   Attorneys for Defendant
12 PROGRESSIVE STAMPING AND PLATING, INC.

13

14              IN THE UNITED STATES DISTRICT COURT

15              FOR THE CENTRAL DISTRICT OF CALIFORNIA

16
17 RAYMOND SELLEK, JR.                 )  Civil Action No.
                                       )  SA02-842AHS(ANx)
18      Plaintiff,                     )
                                       )  **ANSWER OF PROGRESSIVE
19 v.                                  )  STAMPING AND PLATING, INC.**
                                       )
20                                     )
   PROGRESSIVE STAMPING                )
21 AND PLATING, INC.,                  )
   HARDWARE RESOURCES,                 )
22 L.L.C., and JOHN DOES 1-10,         )
                                       )
23      Defendants.                    )
                                       )
24

25
        Comes now defendant Progressive Stamping and Plating, Inc. (hereinafter
26
   "PSPI"), responding to the Complaint of Raymond Sellek, Jr. (hereinafter "Sellek"),
27
   as follows:
28

1.  The allegations of Paragraphs 1, 3, 4, 12, and 16 are admitted.

2.  The allegations of Paragraphs 8, 13, 15, 20-25, 27 and 28 are denied.

3.  PSPI is without information sufficient to form a belief as to the allegations of Paragraph 5.

4.  In response to Paragraph 2, PSPI is a Louisiana corporation with its principal place of business at the address indicated in Bossier City, LA. PSPI also has a facility at 820 Rockefeller, Suite G, Ontario, CA. Hardware Resources, L.L.C. is no longer in existence, having been merged into PSPI in the year 2000. PSPI does not have any information concerning any "John Does". PSPI denies the remaining allegations.

5.  In response to Paragraph 6, PSPI admits that Sellek has obtained several copyright registrations, is without information sufficient to form a belief as to the allegation that Sellek is applying for registrations, and denies the remaining allegations.

6.  In response to Paragraph 7, PSPI admits that Sellek has obtained several copyright registrations, denies that true and correct copies are attached to the copy of the Complaint served on PSPI (only pages 1 of 2 were attached), is without information sufficient to form a belief as to the allegation that copies of the specimens are attached to the Complaint, and denies the remaining allegations.

7.  In response to Paragraph 9, PSPI admits that it has marketed, sold and advertised wood carvings substantially similar to not only Sellek's wood carvings but also numerous other wood carvings that preexisted Sellek's wood carvings, and denies the remaining allegations.

8.  In response to Paragraph 10, PSPI admits that Exhibit 2 to the Complaint is a copy of a fax received by PSPI and that there were other communications, and denies the remaining allegations.

9.  In response to Paragraph 11, PSPI denies that Sellek has at any time had any valid copyrights, denies that PSPI has ever had knowledge of any valid copyrights,

1 and admits the remaining allegations.

2  10.  In response to Paragraph 14, PSPI admits that it purchased Sellek's corbels in California, and denies the remaining allegations.

4  11.  In response to Paragraph 17, PSPI admits it shipped the corbels out of California, and denies the remaining allegations.

6  12.  In response to Paragraph 18, PSPI admits this is a copyright infringement cause of action, and denies the remaining allegations.

8  13.  In response to Paragraph 19, PSPI repeats and realleges its responses to Paragraphs 1-18.

10  14.  In response to Paragraph 26, PSPI repeats and realleges its responses to Paragraphs 1-25.

## Affirmative Defenses

13  15.  First affirmative defense: The Copyright Infringement and "Fraud" Claims for relief are barred by *res judicata* and/or collateral estoppel, in that a prior judgment from the United States District Court for the Western District of Louisiana has declared that Sellek's wooden corbels are not copyrightable (Exhibit 1 hereto).

17  16.  Second affirmative defense: The "Fraud" Claim for Relief fails to state a claim upon which relief may granted, in that it omits the following elements of fraud: misrepresentation or concealment, intent to defraud, justified reliance, and damage caused by reliance.

21  17.  Third affirmative defense: The Court does not have subject matter jurisdiction or venue under the "first-filed" rule, because of the prior-filed Louisiana action.

## Prayer

25  WHEREFORE, PREMISES CONSIDERED, PSPI respectfully requests that Sellek take nothing, that PSPI be awarded its costs and attorneys fees, and that it be granted such

28

1   other and further relief to which it may be entitled.

2

3   Dated: _October 15_, 2002

Respectfully submitted,

_____
Daniel V. Thompson
Thompson & Gustavson, L.L.P.
*Pro hac vice* (applied-for)

_____
Robert D. Buyan
Stout, Uxa, Buyan & Mullins, L.L.P.
Local counsel

RECEIVED
OCT 0 7 2002
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
OCT 1 0 2002
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PROGRESSIVE STAMPING AND PLATING, INC. d/b/a HARDWARE RESOURCES, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. CV02-1664-S ) |
| vs. | ) Judge Stagg ) ) |
| RAYMOND SELLEK, | ) ) |
| Defendant. | ) JURY DEMANDED |

## ORDER

The Court having examined the foregoing Motion and being of the opinion that it should be granted;

IT IS HEREBY ORDERED AND ADJUDGED that a default judgment be entered against defendant, Raymond Sellek, declaring that its wooden corbels are not items protected by the United States Copyright Act.

SIGNED this the 10 day of Oct, 2002.

_____
JUDGE

COPY SENT:
DATE: 10/11/02
BY: Dm
TO: McMichael
    Sellek
    Copyrights Register

(7)

EXHIBIT 1

|    |                                                                                                                                          |
|----|------------------------------------------------------------------------------------------------------------------------------------------|
| 1  |                                                                                                                                          |
| 2  | **PROOF OF SERVICE**                                                                                                                     |
| 3  |                                                                                                                                          |
| 4  | I am a citizen of the United States of America, and not a party to the within action. I am employed at Stout, Uxa, Buyan & Mullins, LLP having a business address of 4 Venture, Suite 300, Irvine, CA 92618. |
| 7  | On the date executed below I caused to be served by U.S. first class mail the following document: |
| 9  | **ANSWER OF PROGRESSIVE STAMPING AND PLATING, INC.** on the parties or their counsel shown below by placing a true copy thereof in a sealed envelope addressed by as follows : |
| 13 | Brian R. Reiss<br>3700 Campus Drive, Suite 204<br>Newport Beach, CA 92660 |
| 15 | and then by sealing the envelope(s) and depositing same, with postage fully prepaid, in the mail at Irvine, California. |
|    | I declare under penalty of perjury that the above is true and correct. |
|    | Executed on October 15, 2002 at Irvine, California, County of Orange. |
|    | _____<br>Francine Sanders |